IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JANE DOE, a minor child, by and
through her next friends STERLIN
WRIGHT and LACEY WRIGHT,
        Plaintiffs,

vs.                                              No. _____
                                                              JURY DEMANDED

THE CITY OF DYERSBURG, TENNESSEE
and OFFICER SHARQUAWN SHAKAR
HENDERSON, in his
individual capacity,

        Defendants.

---

## COMPLAINT

---

COME NOW the Plaintiffs, JANE DOE, a minor child, ("minor child"), by and through her next friends and parents, STERLIN WRIGHT and LACEY WRIGHT, (hereinafter the "Plaintiffs"), by and through counsel and state unto this Court as follows for their Complaint against the Defendants, THE CITY OF DYERSBURG, TENNESSEE and OFFICER SHARQUAWN SHAKAR HENDERSON, in his individual capacity:

### I. JURISDICTION

1.    This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) for their claims based on 42 U.S.C. § 1983 and has supplemental jurisdiction to hear Plaintiffs' state claims pursuant to 42 U.S.C. § 1367.

### II. NATURE OF CLAIMS

2. Plaintiffs have sued the City of Dyersburg and Officer Sharquawn Shakar Henderson for violations of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 for the deprivation of Plaintiffs' civil rights under color of law. Plaintiffs have also sued Defendant City of Dyersburg under Section 1983 for maintaining a policy, practice, or custom which includes failure to adequately hire, train, or supervise, failure to implement preventative policies, and failure to take corrective action with regard to its police officers. In addition to this claim for deliberate indifference under Section 1983, Plaintiffs are suing for battery, false imprisonment, and intentional infliction of emotional distress.

### III. PARTIES

3. Plaintiff JANE DOE was at all times material to this case an incompetent minor child under Tennessee law, a private citizen, and a resident of Dyer County, Tennessee.

4. Plaintiff STERLIN WRIGHT is an adult resident of Dyer County, Tennessee, whose principal address is 3674 Highway 104 West, Dyersburg, Tennessee 38024. Sterlin Wright is the custodial parent of Jane Doe and brings this case on behalf of Jane Doe as her next friend.

5. Plaintiff LACEY WRIGHT is an adult resident of Dyer County, Tennessee, whose principal address is 3674 Highway 104 West, Dyersburg, Tennessee 38024. Lacey Wright is the custodial parent of Jane Doe and brings this case on behalf of Jane Doe as her next friend.

6. Defendant CITY OF DYERSBURG, TENNESSEE, (hereafter "CITY") is a political subdivision of the State of Tennessee. The City is therefore a "person" within the scope of 42 U.S.C. § 1983. The City may be served through its Mayor, John Holden, at Dyersburg City

Hall, 425 W. Court Street, Dyersburg, Tennessee 38024. Immunity is not removed against the City under the Governmental Tort Liability Act for claims in this case.

7.  Defendant Officer SHARQUAWN SHAKAR HENDERSON (hereafter "Officer Henderson") is an adult citizen and resident of Dyer County, Tennessee and was more than ten (10) years older than JANE DOE at all times material to this case. Officer Henderson was employed by the City and acting within the scope of his employment and under color of law at all times material to this case. Officer Henderson is being sued in his individual capacity. Officer Henderson resides and may be served at 402 Jefferson Street, Newbern, Tennessee 38059. Immunity is not removed against Officer Henderson under the Governmental Tort Liability Act for claims in this case.

## IV. FACTS

8.  Officer Henderson, on numerous occasions during 2022, used his authority as a police officer to demand and solicit sex from Jane Doe, an incompetent minor child more than ten (10) years younger than Officer Henderson. Officer Henderson's solicitations of Jane Doe continued for several months prior to her responding to Officer Henderson in any way.

9.  Officer Henderson, on numerous occasions during 2022, sent unsolicited nude photographs of his penis to Jane Doe through an "app" called "Snapchat."

10. Officer Henderson, on numerous occasions during 2022, used his authority as a police officer to demand that Jane Doe send Officer Henderson nude photographs of herself on "Snapchat."

11. Officer Henderson, on numerous occasions during 2022, used his authority as a police officer to become irate with Jane Doe if she did not comply with his demands to send Officer Henderson nude photographs on "Snapchat."

12. Due to Officer Henderson's irate demands as a police officer, Jane Doe sent nude photographs of herself to Officer Henderson on "Snapchat" on multiple occasions.

13. Once Officer Henderson began receiving the nude photographs from Jane Doe, Officer Henderson next used his authority as a police officer and began sexually assaulting and raping Jane Doe.

14. Officer Henderson used his authority as a police officer to sexually penetrate Jane Doe on multiple occasions between July 5, 2022 and November 30, 2022.

15. As Jane Doe was an incompetent minor, she was unable to give consent for any of these sexual assaults and rapes. Jane Doe had Attention Deficient Disorder with impulsive tendencies, depression, an anxiety disorder, and other mental disorders during all times relevant to this case.

16. Due to Jane Doe's mental conditions and previously being a victim of other sexual assaults, she was vulnerable to the predations of Officer Henderson.

17. Many of Officer Henderson's actions in sexually assaulting, raping, and penetrating Jane Doe were intentional and occurred while on duty with the City's Police Department.

18. Many of Officer Henderson's actions in sexually assaulting, raping, and penetrating Jane Doe occurred in a police vehicle that is owned and operated by the City and during many of these assault and rape incidents Officer Henderson placed Jane Doe in handcuffs.

19. Some of Officer Henderson's actions in sexually assaulting, raping, and penetrating Jane Doe occurred at the City Police Department's gun range, which property is owned and controlled by the City.

20. Officer Henderson's actions in sexually assaulting, raping, and penetrating Jane Doe were outrageous and not tolerated by a civilized society.

21. Officer Henderson's actions in sexually assaulting, raping and penetrating Jane Doe resulted in serious mental injury to Jane Doe, for which she has sought mental health treatment and incurred medical expenses.

22. Upon information and belief, Officer Henderson was previously the subject of an internal investigation by the Dyersburg Police Department and the Police Department had received numerous complaints about Officer Henderson groping women and young girls. However, even with this knowledge, the City failed to take adequate, preventative action against Officer Henderson.

23. Upon information and belief, Officer Henderson applied for the drug task force and was not approved due to concerns about his conduct and his background check. However, the City still failed to take adequate, preventative action against Officer Henderson.

24. Upon information and belief, Officer Henderson was removed from the Dyersburg Police Department's street crimes unit due to concerns about his conduct. However, even with this knowledge, the City still failed to take adequate, preventative action against Officer Henderson.

25. The facts the City obtained about Officer Henderson's background, conduct, and previous actions were more than sufficient to place the City on notice that Officer Henderson

was not fit to be employed as a police officer as he had a tendency to use his authority in illegal ways, such as sexual assaults and predations on minors.

26. Having been placed on sufficient notice, the City then chose to allow Officer Henderson to continue to use his authority as a police officer to perform the sexual assaults and rapes on Jane Doe.

27. The City does not maintain a merit board to review actions of and allegations against police officers employed by the City.

28. The City has not instituted preventative measures to prevent sexual assaults of minors by police officers, particularly those for which the City has notice of such predatory habits.

29. Upon information and belief, the City discourages supervisors with the Dyersburg Police Department from disciplining police officers.

30. The City failed to adequately screen its police officers, like Officer Henderson, before placing them on the police force.

31. The City failed to adequate train its police officers, like Officer Henderson, before placing them on the police force and while they are on the force.

32. The City failed to maintain adequate preventative measures and supervisory authority over its police officers, which allowed for sexual assaults and rapes to occur in and on City property.

33. Upon information and belief, the City has allowed a clear and consistent pattern of assaults, sexual and otherwise, by its employees.

34. The City had adequate notice or constructive notice of the facts at issue in this lawsuit.

35. The City's deliberate indifference in its failure to act amounts to a policy of inaction that was the moving force behind Officer Henderson's sexual assaults and rapes of Jane Doe.

36. Each of Officer Henderson's sexual penetrations of Jane Doe constituted the criminal offense of aggravated statutory rape in violation of Tennessee Code Annotated §39-13-506.

37. Each of Officer Henderson's sexual penetrations of Jane Doe constituted the tort of battery and the tort of intentional infliction of emotional distress.

38. The statute of limitations is tolled for Jane Doe's claims during the period of her incapacity as a minor.

## V. CAUSES OF ACTION

### Count I – False Imprisonment

41. Because Officer Henderson restrained and both sexually assaulted and raped Jane Doe in a City police vehicle, in handcuffs, and on the City gun range without the ability to give consent and without just cause, the City and Officer Henderson are liable to Plaintiffs for the acts of false imprisonment.

42. As a direct and proximate result of these acts of false imprisonment, Jane Doe has been damaged.

### Count II – Violations of 42 U.S.C. § 1983.

43. At all times material herein, Jane Doe had a constitutional right to be free from physical, mental, sexual, and emotional abuse at the hands of a state actor, which right is embraced by the more general right to personal security and bodily integrity. Said right is protected by the Due Process Clause of the Fourteenth Amendment.

44.     At all times material herein, Jane Doe had a constitutional right to be free from unlawful imprisonment or detention at the hands of a state actor as guaranteed by the Fourth Amendment to the United States Constitution.

45. The actions and/or omissions of the City and Officer Henderson deprived Jane Doe of her right to be free from unreasonable detention and imprisonment and violation of due process, all at the hands of Officer Henderson. Said actions and/or omissions of the City and the Officer Henderson under color of law constitute separate violations of Jane Doe's civil rights guaranteed under the Fourth and Fourteenth Amendments to the U.S. Constitution and are actionable under 42 U.S.C. § 1983.

46.     At all times material herein, the City and Officer Henderson were acting under color of law.

47.     All or substantially all counts of inappropriate misconduct as alleged herein occurred while within the limits of Dyer County and much of it occurred in a City police vehicle or on the City's gun range and while Jane Doe was handcuffed.

48.     The inappropriate and illegal misconduct of the City and Officer Henderson against Jane Doe was an unjustified intrusion that stripped Jane Doe of the very essence of her personhood, and constitutes behavior that would shock the conscious of a reasonable person.

49.     The inappropriate and illegal misconduct by the City and Officer Henderson toward Jane Doe was contrary to fundamental notions of liberty, lacking of any redeeming social value, and was perpetuated in a malicious and sadistic fashion for the purpose of causing harm to Jane Doe.

50.     The City is a "policy maker" charged with placing into effect and enforcing law enforcement policies.

51. As evidenced by instances of Officer Henderson's inappropriate and illegal behavior of which the City was aware, the City had an unwritten policy, custom, or practice of deliberate indifference regarding misconduct by its police officers.

52. In fact, the City consciously and deliberately made the decision to allow Officer Henderson to continue in the capacity as law enforcement officer, even with actual notice of his background and his numerous acts of misconduct and illegal actions.

53. The deliberate indifference of the City in its failure to act, as shown by the lack of training, supervision, prevention, and discipline, therefore constitutes an official policy or custom that was the affirmative link or motivating force behind the actions of Officer Henderson, which deprived Jane Doe of her civil rights under color of law.

54. The failure of the City to adequately train and supervise its police officers is a deliberate indifference of the City to people's constitutional rights, and this constitutes an unwritten policy of the City.

55. Because of the policy or practice of deliberate indifference of the City, deprivations of constitutional rights were substantially certain to result, just as occurred with respect to Jane Doe.

56. The misconduct of Officer Henderson toward Jane Doe would not have occurred had the City intervened. The City was well aware of and condoned the actions of Officer Henderson at issue in this Complaint.

57. The City failed to protect Jane Doe from Officer Henderson and allowed the false imprisonment, rape, battery, and other violations. Because of the failure or deliberate

indifference of the City, it breached the constitutional duty imposed on it and is liable to Plaintiffs for their damages, both physical and emotional.

### Count III: Battery

58. The actions by the City and Officer Henderson as set forth in this Complaint constitute the tort of battery, for which these Defendants are liable to Plaintiffs.

### Counts IV and V: Negligent and Intentional Infliction of Emotional Distress

59. The actions by the City and Officer Henderson as set forth in this Complaint constitute both negligent and intentional infliction of emotional distress against Jane Doe.

60. These Defendants' actions were negligent, intentional, and reckless and so outrageous as to not be tolerated by civilized society.

61. The Defendants had a duty to Jane Doe, breached that duty, and therefore caused her great harm.

62. As a result of the Defendants' actions, Jane Doe has suffered serious mental injury.

WHEREFORE, PLAINTIFFS DEMAND THE FOLLOWING:

A. That proper process issue and be served upon the City of Dyersburg and Officer Henderson and that they be required to appear and answer this Complaint within the time required by law;

B. That a jury be empaneled to hear Plaintiffs' claims against the City and Officer Henderson;

C. That the Plaintiffs be awarded a judgment against the City in the amount of $1 million in compensatory damages;

D. That Plaintiffs be awarded a judgment against Officer Henderson in the amount of $1 million in compensatory damages;

E. That Plaintiffs be awarded reasonable attorney's fees as authorized by 42 U.S.C. § 1988;

F. That the costs of this action be awarded to Plaintiffs; and

G. Such further and other general relief to which Plaintiffs may be entitled.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC


By: _s/s Teresa A. Luna_____
    LEWIS L. COBB - #5369
    TERESA A. LUNA – #26447
    Attorney for Plaintiffs
    312 East Lafayette Street
    P.O. Box 2004
    Jackson, TN 38302
    (731) 424-0461 (phone)
    (731) 424-0562 (fax)
    tluna@spraginslaw.com
    lewiscobb@spraginslaw.com


SEILER & HOUSTON, PLLC


By: _s/s Vincent K. Seiler_
VINCENT K. SEILER   #19865
Attorney for Plaintiffs
125B Stonebridge Boulevard
P.O. Box 10455
Jackson, TN 38308
(731)300-3656 (telephone)
(731)300-3647 (fax)
vks@seiler-houston.com

## **COST BOND**

We stand as sureties for costs in this cause.

               SPRAGINS, BARNETT & COBB, PLC


BY:   _s/s Teresa A. Luna_____
         TERESA A. LUNA