IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, a minor child, by and through her next friends STERLING WRIGHT and LACY WRIGHT<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF DYERSBURG, TENNESSEE, and OFFICER SHARQUAWN SHAKAR HENDERSON, in his individual capacity,<br><br>Defendant. | No. 1:23-cv-01128 |

**ANSWER OF CITY OF DYERSBURG, TENNESSEE**

COMES NOW, the Defendant City of Dyersburg, and responds to the Plaintiffs' Complaint for damages filed in this matter as follows:

## I. FIRST DEFENSE (Responses to Specific Allegations)

1. This Defendant admits the court has jurisdiction to hear the claims filed pursuant to federal law and has discretion to take supplemental jurisdiction to hear Plaintiff's state claims.

2. This Defendant admits the claims contained within the Plaintiffs' Complaint are those stated in numerical paragraph 2 of the Complaint. However, this Defendant denies such claims.

3. Upon information and belief, this Defendant believes that Jane Doe was a minor at all material times. However, as to the assertion that Jane Doe was incompetent, since that term is not defined in the Complaint, this Defendant can neither admit nor deny said allegation and demands strict proof thereof..

4. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 4 of the Complaint. However, based upon information and belief, Defendant believes the statements included therein to be true and accurate.

5. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 5 of the Complaint. However, based upon information and belief, Defendant believes the statements included therein to be true and accurate.

6. The Defendant admits the material allegations contained in numerical paragraph 6 of the Complaint.

7. Defendant admits only that Sharquawn Henderson was employed by the City of Dyersburg as a police officer during all times relevant to the case at bar and that he was an adult resident of Dyer County. Upon information and belief, Defendant admits that Henderson was ten years older than Jane Doe if she was a minor at the time of the alleged acts. The Defendant is without knowledge as to whether the address listed for Henderson is his residence. This Defendant deny that the allegations regarding Defendant Henderson set forth in the Complaint involve actions within the scope of his duties as a police officer and under color of law. The said allegations involve conduct of a purely private interest and not conduct under color of state law.

8. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 8 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

9. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 9 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

10. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 10 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

11. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 11 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

12. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 12 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

13. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 13 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

14. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 14 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

15. Defendant admits if Jane Doe was a minor, Plaintiff Doe lacked the capacity to consent to sexual contact with an adult. Defendant is without sufficient information upon which to admit or deny what if any tendencies and disorders Plaintiff Doe may have possessed during the times relevant to this matter as is the assertion contained in numerical paragraph 15 of the Complaint. However, as to the assertion that Jane Doe was incompetent, since that term is not

defined in the Complaint, this Defendant can neither admit nor deny said allegation and demands strict proof thereof.

16. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 16 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

17. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 17 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby. Without conceding that Plaintiff has stated a cause of action against any Defendant and without admitting to any extent that this Defendant is liable to Plaintiff under any theory if such allegations are found to be true, this Defendant denies that such actions were pursuant to any authority vested in Defendant Henderson by the City of Dyersburg or by acquiescence in any knowledge of improper actions, lack of supervisory duty, or departmental policies of this defendant.

18. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 18 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby. Without conceding that Plaintiff has stated a cause of action against any Defendant and without admitting to any extent that this Defendant is liable to Plaintiff under any theory if such allegations are found to be true, this Defendant denies that such actions were pursuant to any authority vested in Defendant Henderson by the City of Dyersburg or by acquiescence in any knowledge of improper actions, lack of supervisory duty, or departmental policies of this defendant.

19. Defendant is without sufficient information upon which to admit or deny the material allegations contained in paragraph 19 of the Complaint and demands strict proof thereof

if its rights or interests are to be affected adversely thereby. Without conceding that Plaintiff has stated a cause of action against any Defendant and without admitting to any extent that this Defendant is liable to Plaintiff under any theory if such allegations are found to be true, this Defendant denies that such actions were pursuant to any authority vested in Defendant Henderson by the City of Dyersburg or by acquiescence in any knowledge of improper actions, lack of supervisory duty, or departmental policies of this defendant.

20. This Defendant admits that the acts of sexual assault, rape, and penetration of a minor are statutory criminal violations which exist to protect society. However, should it be determined that Defendant Henderson committed such acts, this Defendant denies any action or inaction on their part either facilitated or contributed to Defendant Henderson's decision to perpetrate such actions. This Defendant asserts that at all times relevant to this action, they employed proper procedures, policies, and supervisory authority to adequately govern and oversee City employees.

21. Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 21 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

22. This Defendant is without sufficient information upon which to admit or deny the allegations contained in numerical paragraph 22 of the Complaint as use of the terms "numerous," "groping,' and "young girls" are not defined and are broad. This Defendant admits that Officer Henderson was the subject of an internal investigation and avers that proper disciplinary measures are taken. Defendant denies that any knowledge they may have possessed related to prior complaints against officers, including Officer Henderson, was of such a nature as

to place them on notice of a prevailing potential for sexual misconduct, or such was ignored thereby placing citizens at risk.

23. This Defendant denied that Henderson applied for the drug task force and was not approved to due to concerns about his conduct and his background check. This Defendant denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that Officer Henderson was moved from the street crimes unit. However, this Defendant avers that Henderson was moved pursuant to policy that directs that officers work on a rotation basis through other units and Henderson was moved to the K-9 unit as it was his scheduled time to rotate to another unit. Therefore, Defendant denies it failed to take proper actions due to Henderson's transfer out of street crimes based upon any knowledge of wrongdoing as are the allegations contained in paragraph 24 of the Complaint.

25. The material allegations contained in paragraph 25 of the Complaint are denied.

26. This Defendant denies the material allegations contained in paragraph 26 of the Complaint. Defendant avers that the moment it was informed Officer Henderson may have been involved in the criminal activity, he was promptly suspended and relieved of his service weapon and badge pending the outcome of the TBI interview and investigation.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the material allegations contained in paragraph 32 of the Complaint. This Defendant avers that adequate measures were taken to train and supervise all

officers. Any action taken by Officer Henderson resulting in assaults and or rapes, whether on or off City property, was done contrary to all training and was the result of his individual decision to consciously disregard such training and policy.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant admits that penetration of a minor is a criminal offense in violation of Tennessee Code Annotated § 39-13-506 as are the allegations asserted in paragraph 36 of the Complaint. Additionally, Defendant admits such statutory rape is considered aggravated in circumstances where the perpetrator is ten (10) years older than the victim. However, this Defendant is without sufficient information upon which to admit or deny if Henderson's actions constituted aggravated statutory rape and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

37. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in numerical paragraph 8 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby

38. This Defendant admits the material statement contained in numerical paragraph 38 of the Complaint.

39. The Plaintiff's Complaint omitted paragraphs 39 and 40; therefore, this Defendant will skip to paragraph 41.

41. This Defendant is without knowledge to admit or deny whether Henderson restrained and sexually assaulted and raped Jane Doe in a police vehicle, in handcuffs, and on the City gun range as alleged in paragraph 41 of the Complaint and demands strict proof thereof if

its rights or interests are to be affected adversely thereby. This Defendant denies it is liable for the acts of Defendant Henderson when such actions were neither known nor condoned by the Dyersburg Police Department superiors or supervisors.

42. Defendant is without sufficient information upon which to admit or deny the allegations asserted in paragraph 42 of the Complaint that Henderson committed false imprisonment as alleged in paragraph 42 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby. This Defendant denies it is liable for the acts of Defendant Henderson when such actions were neither known nor condoned by the Dyersburg Police Department superiors or supervisors.

43. This Defendant admits that citizens have a constitutional right to be free of abuse at the hands of a state actor when such actor is acting under color of state law as alleged in paragraph 43. However, this Defendant denies Defendant Henderson was acting under color of state law as no abusive action was completed to either further the directives neither of the Dyersburg Police Department nor in the course of his official duties.

44. This Defendant admits that all citizens have a constitutional right to be free from unlawful imprisonment or detention whether or not it is at the hands of a state actor. However, Defendant is without sufficient information upon which to assert whether or not Plaintiff Doe was imprisoned or detained or was in fact present as a result of free will, whether or not that will could have been considered capable of being competent.

45. This Defendant avers that if any unreasonable detention and/or imprisonment suffered by Plaintiff Doe was the result of actions by Defendant Henderson, Henderson was acting out of a purely private in interest. Defendant City of Dyersburg neither condoned or knew

of any such actions which constituted violations of the rights and liberties of its citizens and denies that it violated Jane Doe's rights.

46. Defendant denies the material allegation asserted in paragraph 46 of the Complaint.

47. Defendant is without sufficient information upon which to admit or deny the material allegations contained in paragraph 47 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

48. Defendant is without sufficient information upon which to admit or deny the material allegations contained in paragraph 48 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby. This Defendant avers that any wrongs perpetrated against Plaintiff Doe were the result of actions and intentions of Defendant Henderson as a private and not state actor. Defendant is without sufficient information upon which to admit or deny what would shock the conscious of a reasonable person.

49. Defendant admits that all crimes against persons lack any redeeming social value. However, this Defendant neither knew of nor condoned any action by officers which would violate personhood, rights or liberties afforded its citizens, and asserts that it is the goal of the Dyersburg Police Department to in fact prevent such. Finally, this Defendant is without sufficient information upon which to admit or deny the mental state or intentions of Defendant Henderson or the manner in which he committed his alleged misconduct and whether such was malicious, sadistic, or completed for the purpose of causing harm to Plaintiff Doe.

50. Defendant admits the material assertions contained in numeric paragraph 50 of the Complaint.

51. Defendant denies the material allegations asserted in paragraph 51 of the Complaint.

52. Defendant denies the material allegations asserted in paragraph 52 of the Complaint.

53. Defendant denies each and every assertion contained in paragraph 53 of the Complaint and avers that proper training and policies were utilized to inform officers of appropriate conduct. Any violation by Defendant Henderson was completed in conscious disregard for said training and policies and in no way reflected the directives or motives of the Dyersburg Police Department.

54. This Defendant denies all allegations contained in paragraph 54 of the Complaint.

55. This Defendant denies all allegations contained in paragraph 55 of the Complaint.

56. This Defendant denies that any conduct of Defendant Henderson as related to this matter was either known or condoned by Dyersburg Police Department. Any misconduct purported to have occurred at the hand of Defendant Henderson was done solely to satisfy personal interest pursuits and in no way was condoned, encouraged, or supported by any action or inaction of the Dyersburg Police Department, its policies, or its supervisors. The Defendant denies the remaining allegations.

57. Defendant denies the material allegations contained in numerical paragraph 57 of the Complaint.

58. Any actions alleged in this Complaint which constitute the tort battery are the sole liability of Defendant Henderson in his personal capacity. No such actions were completed at the direction of or in the course and scope of Defendant Henderson's employ or resulted from any action of this Defendant and this Defendant denies that it is liable for said actions.

59. This Defendant denies it actions constituted the negligent or intentional infliction of emotional distress.

60. This Defendant denies the material assertions contained in paragraph 60 of the Complaint which indicate wrongdoing on their part.

61. This Defendant denies the material assertions contained in paragraph 61 of the Complaint.

62. This Defendant is without sufficient information upon which to admit or deny the material allegations contained in paragraph 62 of the Complaint and demands strict proof thereof if its rights or interests are to be affected adversely thereby.

## II. AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against this Defendant upon which relief can be granted, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2. Defendant denies it is guilty of any action or conduct which might constitute a state law claim under the statutory and/or common laws or constitution of the State of Tennessee or pursuant to Federal law.

3. To the extent that some or all of Plaintiffs' claims are barred by the applicable one-year statute of limitations governing civil rights actions, Tenn. Code Ann. § 28-3-104, and the statute of limitations governing governmental tort actions, Tenn. Code Ann. § 29-20-305(b).

4. Because Plaintiffs assert a state law claims in the context of a civil rights case, the alleged injuries arise out of "civil rights," and Defendant City is immune from suit pursuant to Tenn. Code Ann. § 29-20-205.

5. A cause of action pursuant to 42 U.S.C. § 1983 is entirely personal to the direct

victim of the alleged constitutional tort. To the extent Plaintiffs seeks to recover any damages allegedly suffered by Jane Doe, such claim fails as a matter of law.

6. To the extent that Plaintiffs allege negligence on the part of the City of Dyersburg, such allegations cannot be the basis upon which to state claims under 42 U.S.C. § 1983.

7. Without conceding that Plaintiffs have stated a cause of action against any Defendant and without admitting to any extent that any Defendant is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant would aver that, to the extent that Plaintiffs are seeking to impose liability upon it for the alleged actions of Defendant Henderson, in the event there may have been any unlawful conduct on the part of Defendant Henderson, said Defendant Henderson was not acting under color of law so as to impute liability to this Defendant but, rather, was acting out of purely private interest, and his actions were not such that Defendant Henderson could not have behaved as alleged without the authority of his position as a police officer. This Defendant would further aver that, in the event there may have been unlawful conduct on the part of Defendant Henderson, as alleged in the Complaint, such actions of Defendant Henderson were contrary to the law and in violation of the rules and regulations of the Dyersburg Police Department, and, therefore, this Defendant are not liable for such actions.

8. Without conceding that Plaintiffs have stated a cause of action against any Defendant and without admitting to any extent that any Defendant is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant would further aver that, in the event there may have been unlawful conduct on the part of Defendant Henderson as alleged in the

Complaint, such conduct did not occur in the course of performing an actual or apparent duty of the position of a police officer. To the extent that Defendant Henderson could have behaved as alleged without the authority of his position as a officer, this Defendant is not liable for such actions. This Defendant would further aver that, in the event there may have been unlawful conduct on the part of Defendant Henderson as alleged in the Complaint, such actions of Defendant Henderson were contrary to the law and in violation of the rules and regulations of the Dyersburg Police Department, and, therefore, this Defendant is not liable for such actions.

9. For further affirmative defense, without conceding that Plaintiffs have stated a cause of action against any Defendant and without admitting to any extent that any Defendant is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant would further aver that, to the extent that Plaintiffs are seeking to impose liability upon it for the alleged actions of Defendant Henderson, in the event there may have been any unlawful conduct on the part Defendant Henderson, while on duty, then such conduct did not occur in the course of performing an actual or apparent duty of the position of police officer but, rather, such conduct was for purely private interests. To the extent that Defendant Henderson could have behaved as alleged without the authority of his position as a police officer, this Defendant is not liable for such actions. Pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, in the event that there may have been any unlawful conduct on the part of Defendant Henderson, while on duty, such conduct was contrary to the law and in violation of the rules and regulations of the Dyersburg Police Department, and, therefore, this Defendant is not liable for such conduct.

10. Without conceding that Plaintiffs have stated a cause of action against any

Defendant and without admitting to any extent that any Defendant is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant would aver that, to the extent that Plaintiff alleges that Defendant Henderson acted unlawfully and breached Dyersburg Police Department policies, then such conduct was not condoned by or ratified by this Defendant and, therefore, this Defendant is not liable for such conduct.

11. Plaintiff's injuries, if any, were not the result of a municipal custom or policy of Defendant City.

12. To the extent injuries and/or damages allegedly sustained by the Plaintiffs were the result of conduct attributable to the Plaintiffs, this Defendant relies upon the doctrines of comparative fault and/or comparative negligence. To the extent that the trier of tact determines that the Plaintiffs were guilty of some negligent act, then that fault should be assigned to the Plaintiffs in proportion to the percentage of negligence attributable to their actions or inactions.

13. Without conceding that Plaintiffs have stated a cause of action against any Defendant and without admitting to any extent that any other Defendant in this case is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant asserts that it is not vicariously liable under 42 U.S.C. § 1983 for the alleged constitutional torts of Defendant Henderson.

14. Without conceding that Plaintiffs have stated a cause of action against any Defendant and without admitting to any extent that any other Defendant in this case is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant avers that Plaintiff's

injuries, if any, were not the result of any deliberate indifference on the part of this Defendant.

15. This Defendant pleads all immunities pursuant to T.C.A. § 29-20-101, *et seq.* and incorporate them by reference herein and demand strict compliance with the TGTLA. More specifically, pursuant to T.C.A. § 29-20-205, the City of Dyersburg retains immunity for injuries that may arise out of a civil rights allegation.

16. As none of the acts alleged to have been taken by Defendant Henderson can reasonably be described as "negligent," this Defendant's immunity has not been removed by the Governmental Tort Liability Act, Tenn. Code Ann. §§ 29-20-101, et seq.

17. Plaintiffs' state law claims are barred by the Public Duty Doctrine.

18. This Defendant affirmatively state that, at all times relevant, Dyersburg and the Dyersburg Police Department had proper procedures in place for the hiring, training, and supervision of officers, agents and employees of Dyersburg and the Dyersburg Police Department.

19. To the extent that Plaintiff seeks tort damages in excess of the amounts allowable under Tenn. Code Ann. § 29-20-403, by virtue of Tenn. Code. Ann. § 29-20-404, this Defendant are not liable in for such damages pursuant to said provisions and moves to strike any such excessive damage claim.

20. To the extent the Plaintiffs have failed to mitigate any alleged damages, such failure reduces or bars any recovery for such damages.

21. This Defendant specifically denies and affirmatively states that at no time did it violate the Jane Doe's Constitutional rights. Therefore, the Plaintiffs' claims should be dismissed.

22. To the extent that Plaintiff's 42 U.S.C. § 1983 claims against this Defendant are based on a *respondeat superior* theory of liability, such claims are without merit and are not allowable under 42 U.S.C. § 1983.

23. This Defendant denies it acted in any manner which could be described as deliberately indifferent to the rights of the Plaintiffs and aver that to the best of their knowledge, there were no policies, practices and/or customs of the Dyersburg Police Department or Dyersburg that subjected Plaintiffs to the denial of any constitutional rights.

24. At all times relevant, this Defendant acted in good faith, as reasonable and prudent governmental entities and without any subjective denial of Constitutional rights and in accordance with the enacted appropriate policies and procedures. Moreover, at all times relevant, this Defendant acted in an objectively reasonable manner given the information and circumstances then and there known to this Defendant.

25. Defendant affirmatively states it has the proper and appropriate policies and procedures in effect to protect the Constitutional rights of all citizens, including their own employees. Thus, no policy, procedure or custom of this Defendant was the moving force of any constitutional violation and Plaintiff may not recover against this Defendant.

26. This Defendant is immune, pursuant to T.C.A. §29-20-205, for any alleged intentionally, reckless, grossly negligent conduct of Defendant Henderson

27. This Defendant would further aver that any damages and injuries suffered by Plaintiff were not proximately caused by any negligent or wrongful act or omission of this Defendant.

28. For further affirmative defense, without conceding that Plaintiffs have stated a cause of action against any Defendant and without admitting to any extent that any other

Defendant in this case is liable to Plaintiffs under any theory, pleading in the alternative only and incorporating by reference the allegations in the Complaint against Defendant Henderson, this Defendant relies upon the doctrine of comparative fault to reduce or bar Plaintiffs' recovery against it at trial.

29. Plaintiffs are not entitled to a jury trial to the extent they have brought claims against this Defendant under the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101, *et. seq.*, and Defendant moves that Plaintiffs' jury demand be struck as to all claims arising under the GTLA and/or further move that such claims be bifurcated from the federal claims.

### III. THIRD DEFENSE

1. All other allegations not hereinabove admitted, explained or denied are now denied in each and every material respect.

2. The Defendant denies it is liable to Plaintiffs in any amount for any reason or that Plaintiffs are entitled to any other form of relief from them.

WHEREFORE, the Defendant demands a judgment dismissing the claim against it, together with an award of costs and disbursements, and/or such other and further relief that this Court deems appropriate.

Respectfully submitted,

FLIPPIN, COLLINS & HILL, P.L.L.C.

By: /s/Michael R. Hill
    MICHAEL R. HILL (#017409)
    Attorney for Defendant City of Dyersburg
    P. O. Box 679
    Milan, Tennessee 38358-0679
    Telephone: (731) 686-8355
    mh_fch@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this pleading was served upon the following individuals via the court's electronic filing system:

| | |
|---|---|
| Ms. Teresa Luna | Mr. James E. King, Jr. |
| Mr. Lewis Cobb | 200 Jefferson, Suite 1510 |
| 312 East Lafayette St | Memphis, Tennessee 38103 |
| Jackson, TN 38301 | jking@eskinsking.com |
| tluna@spraginslaw.com | |
| lewiscobb@spraginslaw.com | |

Mr. Vincent Seiler
125 B. Stonebridge Blvd.
Jackson, TN 38305
vks@seiler-houston.com

This the 16th day of August, 2023.

    FLIPPIN, COLLINS & HILL, P.L.L.C.

    By: /s/Michael R. Hill
        MICHAEL R. HILL